UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
HAMLET LOPEZ                       )
                                   )
        Petitioner,                )
                                   )
    v.                             )    C.A. No. 13-451 S
                                   )
ASHBEL T. WALL,                    )
                                   )
        Respondent.                )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Petitioner Hamlet Lopez has filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody claiming his constitutional rights were violated when he was convicted of murder in state court on October 1, 2008. (ECF No. 1.) The state moved to dismiss the petition (ECF No. 5). On October 8, 2013, Magistrate Judge Patricia A. Sullivan issued a Report and Recommendation ("R&R") (ECF No. 9), recommending that the state's motion to dismiss be granted.[1]

---

[1] Lopez has also filed a "Motion for Protective Order for Retaliation" (ECF No. 17). This motion, written in Spanish, but translated by the Court, details problems Petitioner has encountered with correctional officers in recent months. Because these issues do not entitle Lopez to habeas relief, his motion is DENIED.

Lopez filed an objection to the R&R (ECF No. 13), stating that he was unaware that he should have responded to the state's motion to dismiss and asking that he be appointed counsel.[2] Subsequently, Lopez requested four extensions of time to file a supplemental objection to the R&R. He then filed this supplemental objection 11 days after the deadline set by the Court.[3] (ECF No. 19.) Lopez's supplemental objection makes the same argument, which was the focus of his initial application for relief to this Court – the admission of DNA evidence at his trial was improper because this evidence was admitted through a lab supervisor who did not perform DNA tests, but supervised the testing process.

The Court has reviewed Lopez's initial application, his objection to the R&R and his supplemental objection, and finds all of them lacking in merit.[4] By contrast, Judge

---

[2] "There is no constitutional right to counsel in a federal habeas corpus proceeding." Baynard v. Wall, No. CA 13-578 ML, 2013 WL 5347445, at *3 (D.R.I. Sept. 23, 2013). Still, 18 U.S.C. § 3006A(a)(2)(B) provides this Court discretion to appoint counsel under extraordinary circumstances where "the interests of justice so require." The Court has considered the merits of the case, its complexity and Lopez's ability to represent himself, and finds that appointment of counsel is unnecessary. See DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991).

[3] The Court will not hold this tardiness against Lopez.

[4] This Court reviews Plaintiff's objection to the R&R

Sullivan's R&R is well reasoned, and the Court adopts it in its entirety.

Petitioner's argument relies heavily on the United States Supreme Court decision in Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011). In Bullcoming, the Supreme Court held that the Sixth Amendment to the United States Constitution is violated when a surrogate witness testifies about the results of a lab test, when that witness could not convey any information about the test conducted in the defendant's case or the process used in that test. Id. at 2715. Lopez equates the testimony offered against him with the testimony deemed contrary to the Confrontation Clause in Bullcoming. As the Rhode Island Supreme Court made clear in rejecting this argument on direct appeal, the instant case is clearly distinguishable from Bullcoming. Lopez incorrectly argues that the supervisor who testified against him lacked personal knowledge of the actual testing of evidence. To the contrary, as both the Rhode Island Supreme Court and Judge Sullivan point out, the witness who testified against Lopez "performed the critical stage of

---

de novo. See Fed. R. Civ. P. 72(b)(3). In seeking relief under Section 2254, Lopez faces a decidedly heavier burden. His petition may only be granted if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1).

the DNA analysis by drafting the report and had personal knowledge of the lab analysts' procedures." (R&R at 4.) Importantly, the lab supervisor who testified against Lopez examined the notes and raw data of his analysts, and drew his own conclusions. These conclusions were memorialized in an independent report. Thus, the lab supervisor was present at trial to be cross-examined about his own conclusions and no violation of the Sixth Amendment Confrontation Clause occurred.

Because the Rhode Island Supreme Court ruling permitting the testimony of a DNA lab supervisor against Lopez was not contrary to clearly established Federal law, as determined by the Supreme Court of the United States, Petitioner's objection to the R&R is OVERRULED, and the R&R is ADOPTED. Petitioner's application is DISMISSED.

### RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings in the United States District Courts (2254 Rules), this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability ("COA") because Lopez has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Lopez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2254 Rule 11(a).

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: November 3, 2014